NOYES *v.* HEWITT.   18 Wend. 141.

*Reversal of Justice's Judgment by Common Pleas on Certiorari ; of Judgment of Common Pleas and Supreme Court by Court of Errors ; Jurisdiction of Supreme Court in such Case on Question of Fact before Justice ; Defendant Discharged, called as Witness.*

ERROR from the Supreme Court.   *Trespass* originally for the taking of a horse.   The question in the case was whether the horse belonged to Hewitt or one Lane.   When the plaintiff rested, no evidence having been given connecting Noyes with the taking, it was moved on that ground, that he be discharged from the suit, he being the plaintiff in the execution under which the property had been taken.   The justice accordingly *discharged* him, instead of directing the jury to find a *verdict* in his favor.   *Noyes* was then sworn as a witness, and from the evidence given subsequent to his discharge, it appears that the horse was sold under the execution and that he purchased him, and that the amount was applied on the execution.   The case was submitted to the jury who found a verdict of " no cause of action," on which the justice entered judgment against the plaintiff for the costs of suit.   On certiorari to Orleans Common Pleas, the court reversed the judgment of the justice and gave judgment for costs against both Noyes and Pettingell the other defendant, who brought writ of error to the Supreme Court, which affirmed the judgment of the Common Pleas in the following pithy opinion.   *Per* Nelson, J.

" The subject of the dispute was a horse.   The jury must have found that the plaintiff Hewitt was *not the owner*.   The Common Pleas held he was the owner.   If this be considered a question of *fact*, the judgment of the Common Pleas must be affirmed ; and if a question of *law*, then I think they were right.   So that in either view, the judgment must be affirmed."

But the Court of Errors held that as there was *evidence* on *both* sides, though very slight on one, a court of Common Pleas is not authorized on *certiorari* to reverse the judgment; although such court may arrive at a very different conclusion upon the *weight* of evidence."

"That a court of Common Pleas may, however, reverse a judgment of a justice where there is no evidence or a material defect in the proof; or where there is a recovery for a totally different cause of action from that laid in the declaration, or where the demand recovered is manifestly illegal," also "That the Supreme Court is not concluded by the judgment of a court of Common Pleas in a *certiorari* cause from reversing the judgment of that court on the assumption that such judgment was rendered on the facts of the case and therefore not the subject of review by the Supreme Court; that, on the contrary, where the Common Pleas reverse a judgment of a justice *without any assignable cause* it is erroneous. *Whitney* v. *Sutton*, 10 Wend. 413, and *Columbia Turnpike Co.* v. *Haywood*, id. 435, are *contra* and overruled by this case."

The discharge of the defendant by the justice instead of directing the jury to find him "not guilty," was held no cause of reversal, though the Chancellor says: "It is probable he erred, in point of form, in this respect." But he says: "*It was a mere technical error;* and he argues that it was no ground for reversing the judgment as to Noyes, on that account, as the statute in terms directs "that the court of Common Pleas shall disregard mere technical omissions, imperfections, or defects in the proceedings before the justice." 2 R. S. 257, § 181. He then says: "The evidence given after Noyes was discharged, as he was then no longer a party to the suit, was not evidence on which the Common Pleas could reverse the judgment as to *him*."